[Civ. No. 2844. Third Appellate District.—June 22, 1925.]

## E. T. WASHBURN, Respondent, v. C. O. MANN et al., Appellants.

[1] SCHOOL LAW—LOCATION OF UNION SCHOOL—EXCLUSIVE METHOD— STATUTORY CONSTRUCTION.—Sections 1585 et seq. of the Political Code, which relate to the formation and organization of union school districts, make a special provision relating to union school trustees and the method by which they locate a union school and purchase a site, and this system is exclusive, and the general law as contained in section 1611 of the Political Code does not apply in this respect to union schools.

---

(1) 35 **Cyc.**, p. 928, n. 54.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. P. Rich for Appellants.

W. H. Carlin for Respondent.

SHIELDS, J., *pro tem.*—The question involved here is the manner in which a school or schools are located in union

school districts. In this case a union school district, later known as "Feather River Union School District," was organized as required by law by merging two existing school districts in Yuba County. Shortly after the formation of the Union School District the defendants Mann, Beard, Hanson, Parsons and Shaver qualified as trustees of the district, and later proceeded and attempted to select and purchase a site for the Union Schoolhouse and grounds. In doing this they adopted the procedure provided by section 1611 of the Political Code, deeming this section applicable because of section 1589a, Political Code, which provides: "The powers and duties of boards of trustees in union . . . school districts shall be such as are now or may hereafter be assigned by law to boards of school trustees except as otherwise provided in sections one thousand five hundred and eighty-five to one thousand five hundred and ninety-one c of this Code."

Under the procedure adopted, that provided by section 1611 of the Political Code, the trustees selected a tract of three acres of land owned by the defendant J. F. Michel which they proposed to purchase. The price agreed upon was $1,500, which was paid to J. F. Michel and he, together with his wife, Emma Michel, thereupon executed a deed to the trustees for the above-mentioned three-acre tract.

Thereafter and on February 19, 1924, the plaintiff, the respondent herein, began this action asking that the attempted purchase be declared void, that the deed be canceled and that J. F. Michel be directed to repay to the trustees the purchase price of the land. .

Defendants filed an answer admitting that they had followed the procedure provided for by section 1611 of the Political Code and justifying their action thereby.

Thereupon plaintiff moved for judgment on the pleadings, which motion was granted by the trial court. This case comes here upon appeal from that judgment. The appeal is not well taken. [1] The very section of the law which provides for the formation and organization of union school districts (sec. 1585, Pol. Code) very clearly provides a system by which the newly formed school shall be named and how the location of the school or schools therein shall be determined. This system is complete and must be held to be exclusive.

Under it and succeeding sections, additional schools may be located in any union school district, and changes of location of any existing school may be effected. (Sec. 1589, Pol. Code.) The general law relating to school trustees is made applicable to union school trustees only as to such particulars as are not specially provided for in the law relating to union school trustees. With reference to the cases where there is a special provision, there is an exception and the general school law does not apply. (Sec. 1589a, Pol. Code.) Sections 1585 et seq. do make a special provision relating to union school trustees and the method by which they locate a union school and purchase a site, and, therefore, the general law as contained in section 1611 of the Political Code does not apply in this respect to union schools.

Other points raised in the appeal are not necessary to the decision of the case. The wrong method having been adopted in the attempted location and purchase of the school site, it follows that the judgment so declaring should be affirmed, and it is so ordered.

Plummer, J., and Finch, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1925.

All the Justices present concurred.