[Civ. No. 5110.   Second Appellate District, Division One.—February 15, 1926.]

A. N. MULTER, Appellant, v. MARK KEPPEL, etc., Respondent.

[1] SCHOOL LAW—WITHDRAWAL OF ELEMENTARY SCHOOL DISTRICT FROM HIGH SCHOOL DISTRICT—CONSTRUCTION OF SECTION 1734c, POLITICAL CODE.—The proceeding described in section 1734c of the Political Code, which provides the method by which an elementary school district may withdraw from a high school district, is limited to the exclusion of an elementary school district from a high school district, combined with annexation of the elementary school district to a contiguous high school district.

[2] ID.—WITHDRAWAL OF HIGH SCHOOL FROM HIGH SCHOOL DISTRICT— ABSENCE OF AUTHORITY—SECTION 1725, POLITICAL CODE.—There is no method provided for withdrawal of a portion of a high school district from the district itself and the formation of a new high school district, and section 1725 of the Political Code cannot be construed to permit such withdrawal, that section being limited by the legislature solely to the formation of new high school districts and not to the withdrawal of any part or portion of an existing high school district.

---

(1) 35 *Cyc.*, p. 836, n. 99 New, p. 850, n. 94.   (2) 35 *Cyc.*, p. 836, n. 99 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hartley Shaw, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph Scott and A. G. Ritter for Appellant.

Edward T. Bishop, County Counsel, and Albert W. Leeds, Deputy County Counsel, for Respondent.

YORK, J.—The sole question presented to this court is whether or not, by reason of a certain petition for the formation of a proposed "Arcadia City High School District," it has become the duty of the county superintendent of schools to proceed to call an election as provided by section 1725 of the Political Code. It is conceded by respondent that the whole question presented is whether or not section 1725 of the Political Code is applicable to the situation shown by the stipulation on file herein. It is contended by respondent that section 1734c provides the only method by which an elementary school district may withdraw from a high school district and form a new district—unless, perhaps, the provisions of section 1734 would apply to the case.

The contention that section 1734 of the Political Code might be applicable is disposed of by the fact that the record shows that the Monrovia City High School District is composed of two elementary school districts only, and, therefore, is not a union high school district. (Pol. Code, sec. 1721.) The provisions of section 1734, relating to exclusion of a school district from a high school district, are by their terms restricted to union high school districts.

[1] The proceeding described in section 1734c is limited to the exclusion of an elementary school district from a high school district, combined with annexation of the elementary school district to a contiguous high school district. But this also is not the situation presented by the case at bar.

[2] It seems, therefore, that there is no method provided for withdrawal of a portion of the high school district from the district itself and the formation of a new high school district. As we view it, section 1725 cannot be construed to permit such withdrawal and is limited by the legislature

solely to the formation of new high school districts—and not to the withdrawal of any part or portion of an existing high school district. There is no presumption that of necessity there must be some method provided for such withdrawal. Moreover, the conclusion that the result sought by petitioners can be obtained under section 1725 would permit the Arcadia School District to withdraw from the Monrovia High School District without the consent of that high school district. There are manifest reasons why the legislature might not be willing to allow such an unconditional privilege. So, in section 1734a, which provides a method for exclusion from a union or joint union high school district, of a school district which is a part thereof, the proceeding is conditioned upon the existence of an agreement of consent, signed by a majority of the high school board. It is reasonable to assume that a similar requirement of consent by the high school district would have been written into section 1725 if that section had been intended to authorize withdrawal from an existing high school district.

Therefore, the judgment of the lower court is affirmed.

Conrey, P. J., and Houser, J., concurred.