[Civ. No. 2681. Fourth Dist. Mar. 25, 1942.]

AUGUST T. BURGER et al., Appellants, v. WM. J. HIRNI, as County Auditor, etc., Respondent; EXETER UNION HIGH SCHOOL DISTRICT et al., Interveners.

Jas. R. McBride for Appellants.

Walter C. Haight, District Attorney, and Leroy McCormick, Assistant District Attorney, for Respondent.

W. G. Machetanz for Interveners.

MARKS, J.—This is a petition for a writ of mandate brought by August T. Burger as a taxpayer of the Central School District in Tulare County, and by that district against Wm. J. Hirni, as auditor of Tulare County to require him to compute the taxes on property in the Central School District as annexed to and a part of the Lindsay Unified School District of Tulare County. The Central School District had been a part of the Exeter Union High School District. The trial court refused to issue the peremptory writ of mandate and this appeal followed.

All the facts of the case are admitted. Without question the Central School District and the Lindsay Unified School District complied with all the provisions of the School Code (Secs. 2.120 to 2.131, incl. Sec. 2.270, Secs. 2.2081 to 2.2084, incl.) necessary to permit the joining of the two districts. Also admittedly the Central School District complied with none of the provisions of that code governing withdrawal from Exeter Union High School District. (Secs. 2.640, *et seq.*, School Code.)

 The question presented to us is this: Can a school district which is a part of a union high school district join a unified

school district and thereby automatically sever itself from the union high school district by following the prescribed procedure permitting it to join a unified school district without following the prescribed procedure under which it can sever itself from the union high school district?

Sections 1577 and 1578 of the Political Code have been codified into sections 2.120 to 2.131, inclusive, of the School Code. Section 1591a of the Political Code has been codified into sections 2.270 and 2.271 of the School Code. Sections 2.640 and 2.641 of the School Code have similar provisions relating to the separation of a district from a union or a joint union high school district as had the former section, 1591a of the Political Code, relating to its separation from a union elementary district.

Section 2.2081 of the School Code, as amended in 1939, and sections 2.2082 and 2.2083, as passed in that year (Stats. 1939, Ch. 433) established the procedure for the annexation of an elementary or high school district to a contiguous unified school district. These sections do not provide for the withdrawal of an elementary district from a union high school district of which it may have been a member before its annexation to the unified school district.

It is petitioners' theory that as section 2.2081 of the School Code was amended in 1939, and sections 2.2082 and 2.2083 of that code were enacted in that year, subsequent to the adoption of the other sections we have cited requiring the withdrawal of a school district from a union high school district, the 1939 enactments provide for a complete and exclusive procedure for annexation which can be followed without the necessity of following the procedure prescribed for the withdrawal from the union high school district. This argument has the legal effect of maintaining that the 1939 enactments repealed by implication the other sections of the School Code requiring a school district to follow the procedure to withdraw from a union high school district before it can be excluded therefrom.

In 23 Cal. Jur. 694, it is said:

"It is elementary that the repeal of statutes by implication is not favored, especially where the prior enactment has been judicially construed and is generally understood and acted upon. Likewise, in the absence of express terms it will be presumed that the legislature did not intend by a later act to repeal a former one, if by a fair and reasonable construction

effect can be given to both. To overcome this presumption, the two acts must be irreconcilable—i. e., clearly repugnant— as to the vital matters to which they relate, and so inconsistent that the two cannot have concurrent operation, or it must be apparent that the later statute is a revision of the entire subject matter and designed as a substitute for the earlier act, or the intent to effect a repeal must be otherwise expressed in unmistakable language. Accordingly, where there are two laws upon the same subject, they will, if reasonably possible, be so construed as to maintain the integrity of both, the courts being bound to uphold the prior act if the two may well subsist together, though if the two cannot be reconciled, the last act will, of course, govern, and repeals the former in so far as the two are repugnant. The theory of repeal by inadvertence will not be considered if another result may be reached by the application of any rule of construction . . .''

Sections 2.2081, 2.2082 and 2.2083 of the School Code refer exclusively to the annexation of an elementary or high school district to a unified school district. The other sections we have cited prescribe the procedure for the withdrawal from a district. It is immediately apparent that the two groups of sections do not relate to the same subject and are neither conflicting nor irreconcilable. Therefore, under the rules we have quoted we cannot regard the 1939 sections as a repeal by implication of the earlier sections.

A further rule of construction important here is thus stated in 23 Cal. Jur., at page 761:

''This rule is applicable to the codes. Thus it has been held that a code section which deals with but a single subject must be construed in its entirety; that the provisions of the entire code—or at least all such provisions as relate to the same subject matter—must be examined in order to ascertain the meaning of the language of one section; and that the various sections of a code should be read together and harmonized if reasonably possible, so that all may stand.''

It needs no great effort to harmonize and give effect to both groups of sections as they do not relate to the same subject matter and therefore are neither inconsistent nor conflicting. We can thus give each effect in the sphere in which it is supposed to operate. We therefore conclude that the trial court properly construed all of the code sections together, gave effect to both groups and correctly held that the Central School District should have followed the procedure established by

law for its withdrawal from the Exeter Union High School District as well as the prescribed procedure for its annexation to the Lindsay Unified School District.

We are fortified in this conclusion by the case of *Slater* v. *Kesey*, 102 Cal. App. 266 [282 Pac. 1021], where a similar result was reached. It is true that the Slater case was decided prior to the adoption of the School Code, but the sections of the Political Code there construed were not materially changed when they were adopted into the School Code. With a factual situation somewhat similar to the one before us, the court there held:

"These several sections respecting the organization, maintenance, severance and termination of school districts must be construed together and harmonized if possible. This leads to the conclusion that after an elementary school district becomes subject to a joint or union district by formally uniting therewith, except when it has been suspended under the provisions of section 1591b of the Political Code, it is imperative that such district or any portion of its territory seeking independence from the union district shall first withdraw therefrom in the manner prescribed by section 1591a of the same code. Having voluntarily become a part of a duly organized union district, independence therefrom may be secured only by a formal severance. Participation in the benefits of a union district may not be repudiated without legal process and without consent of the representatives of the union district so abandoned."

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.