[Civ. No. 13598. First Dist., Div. One. Aug. 3, 1948.]

HENRY WONG HIM, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Eugene K. Sturgis and John D. Den-Dulk for Appellant.

Fred N. Howser, Attorney General, E. G. Benard, Deputy Attorney General, John J. O'Toole, City Attorney, and Lawrence S. Mana, Deputy City Attorney, for Respondents.

BRAY, J.—Appeal from a judgment of the Superior Court of San Francisco after order sustaining demurrers of respondents city and county of San Francisco and State of California without leave to amend.

The main question here is whether the adoption in 1945 of section 175 of the Revenue and Taxation Code repealed by implication section 3637 of that code.

Appellant, Henry Wong Him, was the owner of two lots in the city and county of San Francisco. In the year 1927-28, the city levied its taxes on the realty, and, in addition, on the personal property located thereon. The complaint alleges that this assessment was illegal and invalid because the personal property belonged to persons other than the appellant and other than the legal and assessed owner of the property. The taxes were unpaid, and on June 25, 1928, the property was marked sold to the state by the city and county for nonpayment of the taxes levied for that fiscal year. On September 6, 1933, the city tax collector made and executed a deed to the State of California for failure to pay taxes. This action was brought on October 22, 1946, under chapter 5.7, part 6, division 1, of the Revenue and Taxation Code and against the city and state, to contest the validity of the tax deed. The deed was alleged to be invalid because the levy upon which the tax was originally based was illegal and void, and because no legal notice of the sale under which the property was deeded to the state was made or given by the city. The demurrers of the respondents on the ground that the action was barred by section 175 were sustained without leave to amend.

Appellant concedes that if section 175 is applicable to this action, then it was not brought in time, as under that section the latest date to bring it would have been September 15, 1946. He, however, contends that section 3637, rather than 175, applies, and under that section the action could be brought any time up until January 1, 1948.

Chapter 5.7 of the Revenue and Taxation Code, entitled "Taxpayer's Action to Contest the Validity of Tax Sale or Tax Deed," was originally added to the code in 1941. Section 3620 thereof sets forth the purpose of the chapter, and section 3637 provides the limitation of the remedy. The same Legislature which had passed section 175 had, just a few weeks before, extended the operation of section 3637. Section 175 was approved by the governor June 25, 1945, and became effective September 15, 1945. (Stats. 1945, ch. 1017, p. 1963.)

Sections 3620 and 3637 were amended and became effective immediately as urgency measures on May 31, 1945. (Stats. 1945, ch. 637, p. 1172.) Respondents' sole contention is that sections 3637 and 175 are inconsistent and irreconcilable, and therefore there was a repeal by implication when the latter was added to the code. Appellant, however, contends that there is no inconsistency; that section 175 presents a new remedy, making the procedure for that remedy the procedure under chapter 5.7 and placing its own statutes of limitation thereon, and, therefore, there is no repeal by implication.

In order to apply this doctrine, there must, of course, be an irreconcilable conflict between the two. 23 California Jurisprudence, page 694, section 84, quoted with approval in *Burger* v. *Hirni*, 50 Cal.App.2d 709, 711 [123 P.2d 891], states: "Presumption Against Repeal by Implication. It is elementary that the repeal of statutes by implication is not favored, especially where the prior enactment has been judicially construed and is generally understood and acted upon. Likewise, in the absence of express terms it will be presumed that the legislature did not intend by a later act to repeal a former one, if by a fair and reasonable construction effect can be given to both. To overcome this presumption, the two acts must be irreconcilable—i. e., clearly repugnant—as to the vital matters to which they relate, and so inconsistent that the two cannot have concurrent operation, or it must be apparent that the later statute is a revision of the entire subject matter and designed as a substitute for the earlier act, or the intent to effect a repeal must be otherwise expressed in unmistakable language. Accordingly, where there are two laws upon the same subject, they will, if reasonably possible, be so construed as to maintain the integrity of both, the courts being bound to uphold the prior act if the two may well subsist together, though if the two cannot be reconciled, the last act will, of course, govern, and repeals the former in so far as the two are repugnant. The theory of repeal by inadvertence will not be considered if another result may be reached by the application of any rule of construction; . . ."

Section 175 was added as chapter 3 to part 1 ("General Provisions"), division 1 ("Property Taxation"), of the Revenue and Taxation Code, and reads: "Chapter 3. Limitation of Actions. § 175. Tax deeds: Presumption where action not commenced in year: Manner of prosecution. All deeds heretofore and hereafter issued to the State of Cali-

fornia or to any taxing agency, including taxing agencies which have their own system for the levying and collection of taxes, .by reason of delinquency of property taxes or assessments levied by any taxing agency or revenue district, shall be conclusively presumed to be valid unless held to be invalid in an appropriate proceeding in a court of competent jurisdiction to determine the validity of said deed commenced within one year after the execution of said deed, or within one year after the effective date of this section, whichever be later. Such proceedings may be prosecuted within the time limits above specified in the manner and subject to the provisions of Sections 3618 to 3636 of this code.''

Section 3637, as originally enacted on May 19, 1941, provided that an action brought under chapter 5.7 must be commenced within one year after the date of execution of the tax deed, or one year after the effective date of said chapter. (Stats. 1941, ch. 293, p. 1439.) The amendment of May 22, 1943, limited the time to one year after the date of execution of the tax deed or one year after January 2, 1945. (Stats. 1943, ch. 709, p. 2465.) As amended on May 31, 1945, and as it now reads, the section provides: ''Any proceedings brought in accordance with the provisions of this chapter can only be commenced within one year after the date of execution of the tax deed, or within one year after January 2, 1947, whichever is later.'' (Stats. 1945, ch. 637, p. 1172.)

Whether section 175 provides a new remedy, and whether it is wholly inconsistent with section 3637, depends upon the legislative meaning and intent in enacting section 3620, determining who may bring an action under chapter 5.7. The latter section has always been passed as an urgency measure, and, as last amended, effective May 31, 1945, reads: ''The owner of any real property deeded to the State for taxes, or sold to the State by operation· of law prior to July 1, 1939, or any other person who may redeem such property, may bring an action in the superior court of the county wherein the real property is located, to contest the validity of the tax sale or the tax deed to the State.''

Appellant contends that this section limits the remedy of chapter 5.7 to the owner of any real property *deeded or sold* to the state *prior* to July 1, 1939, and that the addition of section 175 provides a new remedy for all tax deeds, and, specifically,¹ for tax deeds made *after* 1939. He contends that before the passage of section 175 there was no provision for

any such proceedings as to deeds made *after* July 1, 1939. Respondents, on the other hand, contend that the proper interpretation of this section is that it permits the bringing of an action on property deeded to the state, no matter when the deed was made, but limits the bringing of an action for property sold, but not deeded, prior to July 1, 1939. Thus, the question here is—does section 3620 limit the relief under chapter 5.7 to property deeded or sold *prior* to July 1, 1939, or does the limitation apply only to property sold but not deeded? If the date refers to both deeds and sales, then the remedy is strictly limited; whereas section 175 applies to all tax deeds without restriction as to date.

As originally enacted in 1941, chapter 5.7 was entitled "Taxpayer's Action to Contest the Validity of Tax Deed" and section 3620 read as follows: "The owner of any real property deeded to the State for taxes, or any other person who may redeem such property, may bring an action in the superior court of the county wherein the real property is located to contest the validity of the tax deed to the State."

In 1937, in the case of *Otis* v. *Los Angeles County,* 9 Cal.2d 366 [70 P.2d 633], the court held the tax levy of Los Angeles County for the fiscal year 1933-34 invalid and excessive, thereby invalidating all tax deeds resulting from such levy. The statement of the facts constituting the urgency of the measure indicates that the Legislature had in mind the effect of the decision in the Otis case, for, after declaring that numerous levies by taxing agencies had been, directly or indirectly, declared invalid by court decision, it stated: "Many taxpayers are willing to pay these delinquent taxes and to redeem properties from tax sale if a quick and immediate remedy can be afforded for so doing. No such remedy now exists which has met with the approval of title companies and attorneys for public bodies. It is estimated that large amounts of delinquent taxes, necessary to the continued welfare of the fiscal systems of local governments, will be immediately paid upon the adoption of a quick and simple remedy by which such tax liabilities can be determined in an action brought by the taxpayer." (Stats. 1941, ch. 293, p. 1440.)

On May 22, 1943, chapter 5.7 was again amended in several particulars. The title of the chapter was amended to read: "Taxpayer's Action to Contest the Validity of Tax Sale *or Tax Deed.*" (Emphasis added.) An amendment to section 3620 authorized an action to contest the validity of a tax sale

as well as a tax deed. It read in part as follows: ''The owner of any real property deeded to the State for taxes, or sold to the State by operation of law, prior to July 1, 1935, or any other person . . .'' (Emphasis added.)

Thus, it appears that section 3620 as originally enacted in 1941 limited actions to owners of real property *deeded* to the state, and no limitation was made in that section as to the time when the deed was made. The same year that section 3620 was enacted, section 3637 was also passed. It provided: ''Any proceeding brought in accordance with the provisions of this chapter can only be commenced within one year after the date of execution of the tax deed, or within one year after the effective date of this chapter, whichever is later.'' (Stats. 1941, p. 1439.) Reading the two sections together, it is clear that the Legislature was referring not only to deeds executed prior to the enactment of the chapter, but also to deeds thereafter to be executed, and that as to deeds already executed, actions thereon must be brought within one year after the effective date of the chapter (1941), and as to deeds thereafter executed, the actions must be brought within one year from their execution.

In 1943, when section 3620 was amended (Stats. 1943, p. 2463) by adding the words ''or sold to the State by operation of law, prior to July 1, 1935'' (thus for the first time covering property sold but not deeded), section 3637 was also amended, changing the date for the commencement of proceedings to one year after the date of the execution of the deed, ''or within one year after January 2, 1945, whichever is later.'' (Stats. 1943, p. 2465.) From the fact that a comma precedes the words ''prior to July 1, 1935'' in section 3620, it would appear at first blush that the right of action was limited to property either sold or deeded prior to that date. However, as the Legislature in amending section 3637 that year provided that actions could be brought within one year after the execution of the deed or within one year after January 2, 1945, it is obvious that the limitation in section 3620 ''prior to July 1, 1935'' was intended to apply only to property tax sold but not deeded. If the property had to be deeded prior to July 1, 1935, how could a suit commenced in 1943 and after, be brought ''within one year after the execution of the deed''?

The same reasoning applies to the amendments of 1945. Section 3620 was amended by changing the date, and leaving out the above-mentioned comma, so that the section now reads:

"The owner of any real property deeded to the State for taxes, or sold to the State by operation of law prior to July 1, 1939 . . ." (Stats. 1945, p. 1172.) Section 3637 was amended to provide that the proceedings must be commenced "within one year after the date of execution of the tax deed, or within one year after January 2, 1947, whichever is later." (Stats. 1945, p. 1172.) By leaving out the comma in section 3620, any ambiguity between that section and section 3637 was eliminated. To give any meaning to the latter section, it necessarily follows that section 3620 means that actions may be brought on property deeded to the state at any time (other than as limited by section 3637), but on property sold, but not deeded, the sale must have been prior to July 1, 1939.

Were it not that the Legislature in its repeated reenactment of these sections intended to place no limitation in section 3620 on tax *deeded* property, there would be no reason for inserting in section 3637 the language "within one year after the date of execution of the tax deed." Actions on property tax sold prior to 1939, but not deeded, must be brought within one year of January 2, 1947. To give any meaning to the language providing that actions on tax deeded property may be brought within one year of the execution of the deed, it obviously follows that there must be no limitation on the date of the deed. A suit brought in 1945 on a deed executed prior to July 1, 1939, could not possibly be brought within one year of the deed's execution.

In the amicus curiae brief of the county of Los Angeles there appears a photostatic copy of Assembly Bill No. 2003, as it was first introduced in the 1945 Legislature. This bill later became the law which amended sections 3620 and 3637. It appears from such photostat that the elimination of the comma above referred to which was contained in the 1943 amendment was deliberate, and not through inadvertence, as it is shown in the bill with a line drawn through it. While this circumstance is by no means controlling, it is significant in view of the apparent ambiguity between sections 3620 and 3637 as they appeared in the 1943 amendments.

Tax proceedings are *in invitum,* and tax laws must be strictly construed in favor of the taxpayers. (*Whitmore* v. *Brown,* 207 Cal. 473 [279 P. 447] ; 24 Cal.Jur. pp. 27, 28; *County of Los Angeles* v. *Jones,* 13 Cal.2d 554 [90 P.2d 802] ; *Anglo Cal. Nat. Bank* v. *Leland,* 9 Cal.2d 347 [70 P.2d 937].) The construction given here broadens rather than restricts the remedy provided in chapter 5.7. To hold otherwise would

eliminate all property tax deeded subsequent to July 1, 1939, from the benefits of the chapter.

While the language in the emergency clauses of both the 1943 and 1945 acts may be ambiguous and subject to the interpretation that the Legislature is referring only to property either tax deeded or sold prior to a specific date, the action of the Legislature in each time changing both section 3620 and 3637, conclusively shows that such interpretation is not the correct one.

The construction we are giving these sections is the same as the construction which the attorney general contends in his brief has been given since 1943 by his office and the County Counsel of Los Angeles, in actual practice in actions, many in number, which have been filed pursuant to the provisions of chapter 5.7. ▆ Contemporaneous administrative construction, ''Although not necessarily controlling . . . is entitled to great weight.'' (*Coca-Cola Co.* v. *State Bd. of Equalization,* 25 Cal.2d 918 [156 P.2d 1].) However, in view of our holding, it becomes unnecessary to consider such alleged administrative construction.

The Legislature in passing section 175 evidently had chapter 5.7 in mind, as they referred to all but two sections thereof. The last line of the section states: ''Such proceedings may be prosecuted within the time limits above specified in the manner and subject to the provisions of sections 3618 to 3636 of this code.'' While the failure to mention section 3637 can be interpreted two ways, the better interpretation, in view of the history of that section, together with that of section 3620, is that the Legislature intended by section 175 to repeal by implication that portion of section 3637 which refers to actions on tax deeds.

Section 3620 supplies the basis for the remedial proceedings provided for in chapter 5.7, and applies to all tax deeds whenever executed. Up to 1945, the only limitation of time in which to bring such proceedings was that provided in section 3637. When, in that year, the Legislature enacted section 175 of the same chapter, providing a different limitation upon the time in which proceedings as to *all* tax deeds could be brought, it is manifest that the legislative intent was to repeal by implication section 3637 insofar as it applied to actions on tax deeded property. *Boyd* v. *Huntington,* 215 Cal. 473, 482 [11 P.2d 383], quoted with approval in *Division of Labor Law Enforcement* v. *Moroney,* 28 Cal.2d 344, 346 [170 P.2d 3], stated: '' 'a general statute will not repeal by impli-

cation a former one which is special or which is limited in its application unless there is something in the general law that makes it manifest that the legislature contemplated and intended a repeal.' '' The two acts are clearly inconsistent and repugnant to each other, as applied to tax deeded property, and therefore meet the test set forth in the quotation from *Burger* v. *Hirni* heretofore given. As section 175 applies to the subject matter of this litigation, and as this action was not brought in time thereunder, the judgment of the court is correct, and is affirmed.

Peters, P. J., and Ward, J., concurred.