418 P.2d 157

**MAGMA FLOOD CONTROL DISTRICT,**
a municipal corporation, Appellant,

v.

Clayton D. PALMER, Appellee.

No. 2 CA–CIV 274.

Court of Appeals of Arizona.

Sept. 20, 1966.

Rehearing Denied Oct. 27, 1966.

Thomas E. Johnson and Harry Bagnall, Coolidge, for appellant.

Johnson, Shelley, Roberts & Riggs, by J. LaMar Shelley, Mesa, for appellee.

Cox & Johnson, by Donald C. Cox, Eloy, for Green Reservoir Flood Control District and Florence Area Watershed Flood Control District, amicus curiae.

Rawlins, Ellis, Burrus & Kiewit, by William D. Baker, Phoenix, for Maricopa Flood Control District, Stanfield Flood Control District and Picacho Flood Control District, amicus curiae.

MOLLOY, Judge.

This is an appeal from a judgment dismissing a condemnation action brought by the Magma Flood Control District seeking to acquire certain real property for the purpose of erecting dikes, dams and diversion structures for the purpose of providing flood control within the district. The judgment in the lower court is expressly predicated upon the holding that certain sections of our statutory code pertaining to flood control districts were repealed by implication by subsequent legislation on the subject.

On appeal, the judgment below is defended on two additional grounds: (1) that the plaintiff flood control district was improperly created because in the resolution of the Board of Supervisors of Pinal County, authorizing its existence, reference is made to the statutory law authorizing the creation of *drainage* districts rather those pertaining to *flood control* districts, and (2) that the plaintiff flood control district has no power of eminent domain because such power has not been delegated to it by the legislature.

We examine first the contention that those provisions of the code under which the plaintiff herein purports to have been created have been impliedly repealed by subsequent legislation. A.R.S. § 45–2301, which became a part of our legislative code by chapter 151 of the Laws of 1921, is the

section under which the plaintiff claims to be incorporated. This law reads as follows:

"§ 45–2301. Organization of flood control district; limitation on land to be included; powers of district

"A. When five or more holders of title or evidence of title to improved lands which are subject to overflow or washing, or menaced or threatened by the normal flow, flood or overflow waters of any natural water course, stream, canyon or wash, whether perennial, intermittent or flood, which can be protected or relieved from such overflow or menace by the same general system of works, desire to provide for the protection of such lands therefrom, they may propose the organization of a flood control district in the manner provided by chapter 5 of this title for the organization of drainage districts.

"B. The petition shall be filed with the board of supervisors and the same proceedings had thereon by the board of supervisors as provided by chapter 5 of this title.

"C. The lands which are included by the board of supervisors within the boundaries of the district shall all be lands subject to overflow or washing, or menaced or threatened, by the normal flow, flood or overflow waters of the natural water course, stream, canyon or wash proposed to be controlled or protected against.

"D. After the organization of such districts they shall have and may exercise the same powers as drainage districts under chapter 5 of this title, except that the works constructed shall not be drainage works, but shall be works suitable, proper and convenient for the protection of the lands of the district from the overflow, washing or menace to which the district is subject."

The above quoted section, together with the succeeding section authorizing any flood control district organized under this

article to accept donations from the state, public municipalities or private sources, constitutes article 1 of chapter 10 of title 45 of the Arizona Revised Code of 1956. Chapter 10 of title 45 is devoted to "Flood Control" and article 1 thereof is entitled in the codification "Flood Control Districts."

The subsequent legislation which it is argued repeals by implication the above referred to article is chapter 113 of the Laws of 1959. This act is entitled:

"RELATING TO FLOOD CONTROL; PROVIDING FOR THE ESTABLISHMENT OF FLOOD-CONTROL DISTRICTS; PRESCRIBING THEIR POWERS AND DUTIES; AUTHORIZING THE ISSUANCE OF BONDS THEREBY; PROVIDING FOR THE LEVY OF TAXES; GRANTING RIGHTS OF WAY TO SUCH DISTRICTS; MAKING BONDS ISSUED THEREBY LEGAL INVESTMENTS FOR CERTAIN PURPOSES, AND AMENDING TITLE 45, CHAPTER 10, ARIZONA REVISED STATUTES, *BY ADDING ARTICLE 5, SECTIONS 45–2351 TO 45–2371, INCLUSIVE*." (Emphasis added)

This 1959 act commences as follows:

"Be it enacted by the Legislature of the State of Arizona:

"Section 1. Title 45, chapter 10, Arizona Revised Statutes, is amended by *adding article 5*, sections 45–2351 to 45–2371, inclusive, to read:

"ARTICLE 5. *SPECIAL FLOOD-CONTROL DISTRICTS*" (Emphasis added)

There are various apparent differences between article 1 of chapter 10 of this title, under which the appellant deems itself to be incorporated, and article 5 added by the 1959 act. Among such differences are: (1) an old, or as the plaintiff refers to it, the "general" flood control district may be proposed by the petition of five or more property owners (A.R.S. § 45–2301, subsec. A), while the new or "special" flood control district can only be initiated by the board of supervisors of the county in which the district is to be formed (A.R.S. § 45–2354); (2) the governing body of the old or "general" flood control district is a board of directors consisting of electors and resident freeholders within the district elected by the real property owners within the district (A.R.S. §§ 45–1207 through 45–1209), while the governing body of the "special" flood control district is the board of supervisors of the county in which the district is located (A.R.S. § 45–2357, subsec. A); and (3) under the old law, a flood control district could consist of portions of two or more counties (A.R.S. §§ 45–1203, 45–1212, subsec. B and 45–1301), while under the provisions pertaining to "special" flood control districts it would appear that the district must lie within the county governed by the board of supervisors which establishes it (A.R.S. § 45–2353). There may be other material differences between the provisions of the two enactments, but these are sufficient for the purposes of discussion here.

Repeals by implication are not favored unless it is manifest from inherent repugnancy or inconsistency that the legislature must have intended to repeal the earlier enactment by the later law. State v. Morf, 80 Ariz. 220, 223, 295 P.2d 842 (1956).

Once we assume that the legislature intended by its 1959 enactment to authorize a new and additional kind of a flood control district, in addition to the type already in existence under the 1921 act, we find no inherent inconsistency between the provisions of article 1 of chapter 10, title 45, and article 5, chapter 10 of title 45.

The defendant argues on appeal that even though there is no repugnancy between earlier and later legislation, there may be an implied repeal of legislative enactment by reason of the obvious intent of the later legislation to preempt the particular field or subject matter. The following quotation is given to us from an encyclopedia of law:

"§ 556. Repeal by Implication. As a general rule, the enactment of revisions

and codes *manifestly designed to embrace an entire subject of legislation,* operates to repeal former acts dealing with the same subject, although there is no repealing clause to that effect. Under this rule, all parts and provisions of the former act or acts, that are omitted from the revised act, are repealed, even though the omission may have been the result of inadvertence. The application of the rule is not dependent on the inconsistency or repugnancy of the new legislation and the old; for the old legislation will be impliedly repealed by the new even though there is no repugnancy between them." (Emphasis added) 50 Am.Jur., Statutes, § 556, pp. 559–560.

We have no quarrel with the above enunciation of the general law, but fail to see its applicability to the instant case. We see no manifest intent to embrace an entire subject of legislation in the 1959 enactment. The very fact that legislature provided for the creation of "special" flood control districts indicates to this court that there was another type of flood control district recognized. If the legislature had intended to preempt the field with the new legislation, it would seem most appropriate that some provision be made for any flood control districts organized under the old law, which was not done. And, finally, if we are to find that the new legislation was *"manifestly* designed" to embrace the entire subject, there should be some indication of this "manifest" intent other than the fact that the new legislation is in the same general area as prior legislation. We do not find any such indication of intent and therefore honor the express language chosen by the legislature when the 1959 law was adopted which indicates that it was "adding" an additional article to the law pertaining to "Flood Control."

If the trial court was correct in its ruling for any reason, we are duty bound to affirm even though the reason given by the court was erroneous. · In re Sherrill's Estate, 92 Ariz. 39, 373 P.2d 353 (1962).

Therefore, we consider the other two defenses made of the order of dismissal.

It is the defendant's contention that there has been no legislative delegation of the power of eminent domain to flood control districts organized under A.R.S. § 45–2301.

If such a delegation exists, it is by virtue of the following language:

"D. After the organization of such districts they shall have and may exercise the same powers as drainage districts under chapter 5 of this title, except that the works constructed shall not be drainage works, but shall be works suitable, proper and convenient for the protection of the lands of the district from the overflow, washing or menace to which the district is subject." A.R.S. § 45–2301.

Under chapter 5 of this title, we find that drainage districts have the following power:

"C. The board may also *acquire,* hold and possess, either by donation, purchase or *condemnation,* any land or other property necessary *for the construction,* use, maintenance, repair and improvement, including extensions, of any works required *for drainage purposes."* A.R.S. § 45–1264 (Emphasis added)

The defendant cites City of Phoenix v. Donofrio, 99 Ariz. 130, 407 P.2d 91 (1965), and argues that because the purported delegation of power contained in A.R.S. § 45–2301, subsec. D, quoted above, gives to flood control districts only the "same powers" as *drainage* districts, such districts do not have such power of eminent domain for *flood control* purposes. The exception contained in the pertinent subsection, it is argued, pertains only to "" * * * the works constructed * * *" and does not otherwise apply to change the powers delegated so that, under this argument, flood control districts end up with the power to *construct* works for flood control purposes but a power of eminent domain only for *drainage* purposes.

 It seems to this court that this argument is a strained construction of the language used and a clear frustration of the legislative intent. Legislative language should be given a reasonable meaning, State Board of Dispensing Opticians v. Schwab, 93 Ariz. 328, 380 P.2d 784 (1963), and when this language is so construed, it seems clear that the legislature has sufficiently expressed the intent that flood control districts should have the power of eminent domain for the purpose of constructing food control projects so as to satisfy the requirements of the *Donofrio* case.

 The third defense made of the order below is that the resolution of the Board of Supervisors of Pinal County, adopted on November 20, 1961, authorizing the formation of the plaintiff flood control district, expressly states that it was adopted "pursuant to chapter 5, article 1, sections *45–1201* through *45–1205* of the Arizona Revised Statutes concerning the formation of the Magma Flood Control District." (Emphasis added.) There is no mention in this resolution of A.R.S. § 45–2301. However, the petition of the property owners proposing the organization of the plaintiff flood control district is entitled "Petition to Organize the Magma Flood Control District, Pursuant to Sections 45–2301 through 45–2302 of A.R.S., 1956." A.R.S. § 45–2301 provides that once such a petition has been filed with the board of supervisors " * * * the same proceedings [shall be] had thereon by the board of supervisors as provided by chapter 5 of this title." Chapter 5 of title 45 consists, in part, of A.R.S. §§ 45–1201 through 45–1205. These are the sections specifically providing for the notice of a hearing on a petition to form a district, for the conducting of the hearing thereon and for the determination by the board of supervisors as to whether the petition should be granted. Under these circumstances, we see no fatal flaw in the organization of the plaintiff flood control district by reason of the failure to refer to A.R.S. § 45–2301 in the resolution creating the subject flood control district.

The judgment of dismissal below having been predicated upon an erroneous interpretation of applicable legislation, the judgment below is reversed.

KRUCKER, C. J., and HATHAWAY, J., concur.