423 P.2d 370

Richard M. KING, Louise Parker, The Board of Trustees of Cochise Common School District No. 26 of Cochise County, Arizona, The Board of Trustees of Pearce Common School District No. 22 of Cochise County, Arizona, Appellants,

v.

James C. HENDERSON, Superintendent of Schools, Cochise County, Arizona, and, The Board of Trustees of Pearce Union High School District No. 22, of Cochise County, Arizona, Real Parties in Interest, Appellees.

No. 2 CA–CIV 287.

Court of Appeals of Arizona.

Feb. 3, 1967.

Smitherman & Whitney, by W. C. Smitherman, Bisbee, for appellants.

Gentry, McNulty & Toci, by James F. McNulty, Jr., Bisbee, for appellees.

MOLLOY, Judge.

This is an appeal from a judgment denying a petition for a writ of mandamus to compel the Superintendent of Schools of Cochise County to make his records of the boundaries of the affected school districts show that the petitioning school district, Pearce Common School District, has annexed itself to Cochise Common School District, and to so notify the Board of Supervisors of Cochise County.

This decision requires an interpretation of certain provisions of Title 15, A.R.S., sometimes referred to as the Educational Act, and a consideration of the legislative history of certain portions thereof.

The petitioners contend that Pearce Common School District has successfully annexed itself to the Cochise Common School District in pursuance of A.R.S. § 15–406,[1]

---

1. "§ 15–406. Annexation of district
   "A. A school district may annex itself to another district.

   "B. A majority of the school electors of a school district may present a petition to the trustees of the district to

which provides that when a majority of the school electors of a school district petition for annexation to another district, and when such petition is approved by the board of trustees of the district to which annexation is requested, the superintendent of schools shall adjust his records to show the annexation.

Prior to the proceedings here under consideration, Pearce Common School District was an integral part of Pearce Union High School District. Cochise Common School District was and is not a part of this union high school district. It is the contention of the petitioners that under the law of this state it is impossible for a high school district to embrace only part of a common school district, Boyd v. Bell, 68 Ariz. 166, 179, 203 P.2d 618 (1949), and since Pearce Common School District has successfully annexed itself to Cochise Common School District, it has automatically excluded itself from Pearce Union High School District. At the time of oral argument petitioners' counsel indicated that the desire of Pearce Common School District to exclude itself from the union high school district was one of the major reasons for the institution of the annexation proceeding under A.R.S. § 15–406.

The appellees here, respondents below, accept the law of this state to be that a union high school district cannot embrace only a part of a common school district, and therefore, we do not consider whether the holding of Boyd v. Bell, supra, has been altered by subsequent legislative enactments. The respondents, however, contend that it is not possible to exclude a common school district from a union high school district by complying with A.R.S. § 15–406, and that therefore, Pearce Common School District, under the holding of Boyd v. Bell, has not successfully annexed itself to the Cochise Common School District because it is still a part of Pearce Union High School District and Cochise Common is not.

Prior to 1960, there was a provision in our Educational Act for the withdrawal of a school district from a union high school district, A.R.S. § 15–501, subsec. D.[2] The requirements of this subsection were not complied with by the petitioning common school district, and it is its contention that this subsection of our code was repealed by section 41, chapter 127, of the Laws of 1960 (second regular session), which commences with this language:

"Section 15–501, Arizona Revised Statutes, is amended to read: * * *"

which they desire to be annexed. The petition shall set forth the boundaries of the district to be annexed.

"C. If the board of trustees of the district to which the petition is presented approve the annexation, the petition shall be transmitted with the endorsement of the board of trustees to the county superintendent of schools. The superintendent, if no petition to prevent annexation signed by a majority of the school electors representing the district to which annexation is proposed to be made is received within fifteen days after transmittal of the petition requesting annexation, shall make his records of boundaries conform to the petition for annexation and so notify the board of supervisors. On and after the following July 1, the district shall be a part of the district to which it petitioned to be annexed." A.R.S. § 15–406.

2. "§ 15–501, subsec. D.

"D. The electors of a school district located within a union high school district may petition the county superintendent of schools for exclusion therefrom. If the superintendent finds that the school house of the school district seeking exclusion is, by the usually travelled route, more than twenty-five miles from the high school building, and that, if such school district is excluded, the remaining territory of the high school district will be contiguous, and that the petition for exclusion contains the bona fide signatures of the heads of not less than two-thirds of all families within the school district having children eligible for admission to the high school, and in no event less than twenty-five signatures, he shall transmit the petition to the board of supervisors, together with a statement of the essential facts. It shall thereupon be the duty of the board of supervisors to exclude the school district as petitioned. Such exclusion shall not be construed nor operate to relieve the excluded school district of liability for bonded indebtedness incurred while it was a part of the union high school district."

This section, as amended, contains seven lettered subparagraphs, none of which contains any provision for the withdrawal of a school district from a union high school district. In subsection B there is provision by which a new union high school district may be carved out of an existing district, with the following express limitation:

"B. * * *. No union high school district shall be formed of territory already embodied in a union high school district, unless the remaining territory of the original district is contiguous and has an assessed valuation of not less than five million dollars. * * *"

A.R.S. § 15–501, subsec. B.

It has been stipulated in this action that the total assessed valuation of the Pearce Union High School District is approximately $3,200,000 and that if the Pearce Common School District is withdrawn, the union high school district is left with an assessed valuation of approximately $1,600,000.

We agree with petitioners' contention that the old subsection A.R.S. § 15–501, subsec. D has been repealed by the 1960 enactment. A.R.S. § 1–245 reads as follows:

"§ 1–245. Subsequent statute as superseding former law

"When a statute has been enacted and has become a law, no other statute or law is continued in force because it is consistent with the statute enacted, but in all cases provided for by the subsequent statute, the statutes, laws and rules theretofore in force, whether consistent or not with the provisions of the subsequent statute, unless expressly continued in force by it, shall be deemed repealed and abrogated."

We had occasion, in the decision of Magma Flood Control District v. Palmer, 4 Ariz.App. 137, 418 P.2d 157 (1966), to quote with approval the following language from 50 Am.Jur. Statutes § 556, pp. 559–560:

"'§ 556. Repeal by Implication. As a general rule, the enactment of revisions and codes manifestly designed to embrace an entire subject of legislation, operates to repeal former acts dealing with the same subject, although there is no repealing clause to that effect. Under this rule, all parts and provisions of the former act or acts, that are omitted from the revised act, are repealed, even though the omission may have been the result of inadvertence. The application of the rule is not dependent on the inconsistency or repugnancy of the new legislation and the old; for the old legislation will be impliedly repealed by the new even though there is no repugnancy between them.'"

In the instant case, contrary to what we found the situation to be in the *Magma* decision, supra, we see in the 1960 legislation a manifest intent to embrace an entire subject of legislation. There is no requirement that there be a statutory procedure for the detachment of a part of a duly-constituted school district:

"Where no provision is made by statute for the withdrawal or segregation of the territory of a component district, it cannot be withdrawn without first dissolving the consolidated district."

78 C.J.S. Schools and School Districts § 57f, p. 785.

Accord, Multer v. Keppel, 76 Cal.App. 517, 245 P. 218 (1926); Slater v. Kesey, 102 Cal.App. 266, 282 P. 1021 (1929); and see McQuillin, Municipal Corporations (3d ed. rev. vol. 1966), § 7.24, pp. 400–01.

The second major premise of the petitioner—that compliance with A.R.S. § 15–406 automatically excludes an annexed common school district from a union high school district if the common school district to which it is annexed is not a part of that union high school district—we reject. Because Boyd v. Bell, supra, holds that a high school district must embrace all of a common school district, it does not follow that there is an automatic way to secede from a union high school district under the provisions of A.R.S. § 15–406. We deem it equally logical that a compliance with A.R.S. § 15–406 by the petitioning common school district would automatically add the

Cochise Common District to the Pearce Union High School District. That this is not farfetched is brought home when we remember that our Supreme Court held in Southern Pacific Company v. Pima County, 38 Ariz. 11, 296 P. 533 (1931), that an annexation by a common school district automatically enlarged the high school district in which it was situate.

However, there is no serious contention made in this action that this court should find in favor of such an automatic annexation to the union high school district and we cannot see that this doctrine of secession or annexation of school districts by innuendo leads to the true intent of the legislature. We cannot accept that the legislative thinking is so sophisticated as to intend, by the repeal of a statute permitting under certain limited circumstances a withdrawal of a school district from a union high school district, that an annexation statute should be metamorphized into a new and streamlined withdrawal provision.

■ All of the provisions of the Educational Act should be read together to derive their true meaning. See Powers v. Isley, 66 Ariz. 94, 183 P.2d 880 (1947); Sorenson v. Six Companies, Inc., 53 Ariz. 83, 85 P.2d 980 (1939); Burger v. Hirni, 50 Cal.App.2d 709, 123 P.2d 891 (1942). The reluctance of our legislature to leave a union high school district stranded with insufficient assessed valuation is made clear in the new A.R.S. § 15–501. The petitioners' theory of implied modification of A.R.S. § 15–406 would completely frustrate this concern.

A.R.S. § 15–403 also gives evidence that the legislature does not intend that there be an easy method of withdrawal of a part of an organized school district. This section provides that when one school district desires to annex a part of an organized district, there must be a petition for annexation, approved by the board of supervisors, and then there must be an election held in both the school district seeking annexation and the school district from which the territory is to be taken. In order for the annexation to succeed, the majority of the persons voting in both districts must vote in favor of the change in boundaries. A.R. S. § 15–403, subsec. E.

The petitioners further argue that even if it is not possible to secede from the Pearce union high school district in the method proposed here, nevertheless the respondent-superintendent of schools should have been required to give notice to the boards of trustees of the school districts affected as required by A.R.S. § 15–402, subsec. C,[3] and that the determination of the principal issues, argued both in the lower court and here, is premature inasmuch as no such notice was given and no hearing held before the board of supervisors in connection with the proposed annexation.

■ Inasmuch as all parties in this litigation have accepted the legal principle that a union high school district may not embrace only a part of a common school district, we hold that it would have been futile for the respondent to give the notices contemplated by A.R.S. § 15–402, subsec. C. A writ of mandamus is a discretionary writ and will not be issued when it would serve no useful purpose. 34 Am.Jur. Mandamus § 37, pp. 831–32, and see 55 C.J.S. Mandamus § 9b, p. 31.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

3. "C. The boundaries of a district shall not be changed except as provided in this title and then only after the trustees of districts affected have had written notice of the proposed change from the county superintendent and have had an opportunity to be heard." A.R.S. § 15–402, subsec. C.