SUSAN BURNS, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF FAIRFIELD SCHOOL DISTRICT NO. 112 OF WAYNE COUNTY, Defendant-Appellee.

Fifth District    No. 76-14

Opinion filed January 14, 1977.—Rehearing denied May 10, 1977.

Drach, Terrell and Deffenbaugh, P. C., of Springfield, for appellant.

William E. Hoffee, of Fairfield, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Wayne County granting respondent school board's motion to dismiss petitioner's amended petition for writ of mandamus. Petitioner sought to compel respondent to reassign her as a teacher in the Fairfield School District No. 112 of Wayne County, Illinois.

Appellant contends that the reasons given for the dismissal of a second year probationary teacher must be truthful and that this issue can be reviewed in a mandamus proceeding.

Section 24—11 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—11) reads in part as follows:

"* * * Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period."

Petitioner argues that these "specific reasons" for dismissal must have a basis in fact.

The petitioner, Susan Burns, is a duly qualified teacher certified in the State of Illinois. She was employed as a teacher for two consecutive years by the respondent Board of Education. On March 27, 1974, petitioner received notice of dismissal from the Board of Education. This notice informed the petitioner that her employment was being terminated, stating the following reasons:

"(1) On April 25, 1973 you refused a request to transfer to another position for which you are qualified.

(2) On October 30, 1973, you stated that you would not perform any duties 'not specifically spelled out' in detail in your contract and that no provisions could be added to future contracts.

(3) On October 31, 1973 you left your room, with children present, unattended and was [sic] later found in the teachers lounge. Observing the secretary of the school approaching the lounge, you closed the door, remaining inside and leaving your room unattended for some extended period of time. ·

(4) On March 25, 1974 you declined a request to transfer to a position for which you are qualified."

Subsequently, petitioner filed a petition for writ of mandamus in the circuit court of Wayne County, alleging that the reasons given were arbitrary, capricious, and without any basis in fact. The respondent's motion to dismiss the petition was granted. The petitioner then filed an amended petition in which she alleged that the reasons given for her dismissal were arbitrary, capricious and without any basis in fact, and

made allegations of fact to refute the reasons given by respondent. Respondent filed a motion to dismiss the amended petition which motion was granted in an order by the circuit court. Petitioner appeals from that order.

■■ Consideration of the question of whether the reasons given to dismiss a second year probationary teacher must be truthful leads us in the instant case to the corollary issue of whether or not the truthfulness of these reasons can be tested in a mandamus proceeding. Since these issues involve construction of section 24—11 of the Teacher Tenure Act, it is necessary to review the purposes of that Act.

Prior to 1941 when the Teacher Tenure Act was passed, boards of education possessed the unlimited discretionary right to refuse to rehire teachers at the end of any contract period. Some boards of education would on occasion fail to rehire qualified teachers for reasons that were political, arbitrary, capricious, or purely personal or malicious, having nothing whatsoever to do with the experience and ability of the teacher. Undoubtedly the objective of the legislature in passing the Teacher Tenure Act was to improve the school system by assuring teachers of experience and ability a continuance of service and a rehiring based on merit, but reserving in the board of education the right to have a two-year period to judge a teacher's character and qualifications before granting tenure status and the right to dismiss or refuse to rehire a teacher for good cause. Thus, section 24—11 requires that probationary teachers of two terms employment be notified in writing 60 days before the end of the school term of their dismissal, stating the "specific reason" therefor.

In *Lockport Area Special Education Cooperative v. Lockport Area Special Education Cooperative Association*, 33 Ill. App. 3d 789, 794, 338 N.E.2d 463, 467, the court stated:

> "It is an essential part of the Board's public duty to use only the most qualified teachers for the education of the district children. To carry out this purpose, the Board is authorized to try out teachers for one or two years with no continuing obligation, and then to retain or dismiss the teachers as the Board determines, in its discretion, to be in the best interests of the children to be educated." (33 Ill. App. 3d 789, 794.)

This court in *Wade v. Granite City Unit School District, No. 9*, 71 Ill. App. 2d 34, 218 N.E.2d 19, indicated that the "specific reason" requirement as found in section 24—11 means that the district must fairly apprise the teacher of the alleged deficiency upon which the employer board bases its action, and with sufficient specificity to enable the teacher to refute the charge. In *Donahoo v. Board of Education of School District No. 303*, 413 Ill. 422, 109 N.E.2d 787, our Supreme Court gave several reasons for the "specific reason" requirement. The court stated that a board would not so

readily dismiss when its reasons therefor will be submitted to the bar of public opinion, and that arbitrary dismissal without a reason might tend to undermine the morale of other members of the teaching staff.

Petitioner argues that an intended requirement of section 24—11 is that these "specific reasons" be truthful. We agree. The purpose of the specificity requirement is to prevent arbitrary dismissals which state vague or nebulous reasons or no reason at all, and to compel school boards to state the actual reason for the dismissal of a probationary teacher rather than an indefinite one such as "failure to perform adequately." If a specific instance of inadequate performance of duties is statutorily required to be given in the notice of dismissal, and we assume that it would be, it necessarily follows that there was an actual inadequacy.

■■ We turn now to consideration of whether the reasons for dismissal of a second year probationary teacher may be tested in a mandamus proceeding. No means of review of the reasons for dismissal is afforded a probationary teacher by section 24—11 of the School Code. Tenured teachers, on the other hand, have the right to a pretermination hearing by the board of education and review of its final decision by a circuit court through the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 122, pars. 24—12, 24—16). This distinction between the right to due process of tenured teachers and probationary teachers is basically one of comparative property interests in continued employment. Stated simply, the nature of a teacher's property interest in continued employment is created and defined by the terms of his or her contract. The terms of a probationary teacher's contract afford that teacher no substantial interest in re-employment which is protected by procedural due process. (*Lavin v. Board of Education*, 22 Ill. App. 3d 555, 317 N.E.2d 717; *Miller v. School District No. 167*, 354 F. Supp. 922 (N.D.Ill. 1973), *aff'd*, 495 F.2d 658 (7th Cir. 1974).) In recent years, the Federal Circuit Court of Appeals for the Seventh Circuit has considered the issue of whether or not a probationary teacher has a sufficient property interest to be protected by procedural due process. (See *Roth v. Board of Regents*, 446 F.2d 806 (7th Cir. 1971); *Shirck v. Thomas*, 447 F.2d 1025 (7th Cir. 1971).) In both of these cases probationary teachers alleged that they were denied due process rights by virtue of being dismissed without a hearing. The court, in holding that probationary teachers must be afforded minimum procedural due process, stated that there must be a balancing of the precise nature of the government function involved against the private interest that has been affected by governmental action. (*Shirck v. Thomas*, 447 F.2d 1025, 1026 (7th Cir. 1971); see also *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 894-95, 6 L. Ed. 2d 1230, 81 S. Ct. 1743.) While recognizing that the school board has a

substantial interest in the freedom to refuse to retain a probationary teacher who does not meet standards of competence, the court held that this interest was outweighed by the substantial adverse effect nonretention is likely to have upon the career interests of an individual teacher and concluded that the teacher's interest required an opportunity to be heard. The Supreme Court of the United States later overruled *Roth* and vacated *Shirck,* holding that a probationary teacher was not entitled to due process by virtue of a property interest in re-employment. (*Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701; *Thomas v. Shirck,* 408 U.S. 940, 33 L. Ed. 2d 764, 92 S. Ct. 2848.) Aside from an insufficient property interest, a probationary teacher may be entitled to due process if the reasons given for his dismissal are "stigmatizing," *i.e.,* reflect on his good name, reputation, honor, or integrity. *Miller v. School Dist. No. 167, Cook County,* 354 F. Supp. 922 (N.D. Ill. 1973), *aff'd,* 495 F.2d 658 (7th Cir. 1974).

■■■ To obtain mandamus relief, the petitioner must show not only a clear right to the relief sought to be compelled, but also a corresponding duty on the part of the respondent to do the act. (*People ex. rel. Cantu v. School Directors,* 58 Ill. App. 2d 282, 208 N.E.2d 301.) Furthermore, when a mandamus action is brought against school officials and any reasonable doubt exists as to the question of discretion or want of discretion, the court should hesitate to interfere, preferring to extend the benefit of doubt in favor of the school officials (*People ex rel. Altman v. Board of Education,* 90 Ill. App. 2d 21, 234 N.E.2d 362), so long as such action is not unreasonable, arbitrary, or discriminatory. (*People ex rel. Loughry v. Board of Education,* 342 Ill. App. 610, 97 N.E.2d 615, *cert. denied,* 342 U.S. 944, 96 L. Ed. 702, 72 S. Ct. 557.) While we cannot say that this case presents a situation in which the reasons given for petitioner's dismissal are arbitrary, applicable case law indicates that under circumstances showing a clear abuse of discretion which would override any presumption of legitimacy of the school board's action, a writ of mandamus would be appropriate. Since the teacher has no procedural right to appear before the employer board to question the reasonableness or truthfulness of the reasons, a writ will issue only where the reasons on their face are clearly arbitrary or without substantial basis in fact.

Because we find that the reasons given for petitioner's dismissal are specific and not clearly arbitrary, unreasonable, or discriminatory, we hereby affirm the circuit court's order dismissing petitioner's amended petition for writ of mandamus.

Affirmed.

EBERSPACHER and KARNS, JJ., concur.