MARY ELLEN JACKSON, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF TRICO COMMUNITY UNIT SCHOOL DISTRICT NO. 176 OF JACKSON COUNTY, Defendant-Appellee.

Fifth District   No. 77-522

Opinion filed August 24, 1978.

G. MORAN, J., dissenting.

Drach, Terrell & Deffenbaugh, P. C., of Springfield, for appellant.

Peek & Gandy, of DuQuoin, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff-petitioner Mary Ellen Jackson appeals the order of the Circuit

Court of Jackson County dismissing before trial her complaint for declaratory judgment and petition for a writ of mandamus. She had sought reinstatement as a full-time teacher, back pay, and a declaration that she had received tenure.

In her complaint plaintiff stated that she is a legally qualified school teacher certified under the laws of Illinois and that defendant-respondent Board of Education of Trico Community Unit School District No. 176 of Jackson County (Board) is authorized by the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 1—1 *et seq.*) to hire and fire teachers. She was employed by the Board as a probationary teacher for two years, 1973-74 and 1974-75. On March 25, 1975, Charles E. Miller, Superintendent of Trico Community Unit School District No. 176, sent her a letter informing her that her probation would be extended for a third year. The letter stated in part:

"* * *

According to your evaluation, you need improvement in the following areas:

1. Procedure in seeking approval for any activity that you wish to sponser. (The proper procedure is to approach the building principal first. If he cannot assist you, or give you a definite answer, he will direct you to approach the superintendent. If he can not give a definite decision, he will place the problem before the Board of Education for a decision. According to *Circular Series A Number 160*, 'The board of education shall delegate all executive functions to the district superintendent,' and 'The board of education shall carry out all professional and official relationships with school employees through the chief school administrator.')

2. Procedure in contacts of parents: (When contacts are made with parents concerning school activities, or those related to school, the proper procedure is as follows: If the contact is with parents of children under your supervision only, permission should be received from your building principal, including approval of the content of any written communication. If the contact is with persons other than the parents of the students under your supervision, the approval should be from the superintendent, including the approval of the content of any written communication.)

3. Your approach to students in the instructional process and in student control situations, should be more forceful. (As a corrective measure, you should work on voice level, tone and general enunciation. This should improve the

understanding of the students taught, and reinforce your teaching techniques.)"

According to the complaint, plaintiff's teaching was not evaluated by Miller or by any other administrator of the school district and there was no basis for the reasons given in the letter.

On March 25, 1976, plaintiff received a notice from the Board informing her that her contract would not be renewed for the 1976-77 school year. The reasons for her dismissal, as enumerated in the letter, were:

"1. A lack of positive instructional leadership in the classroom.

2. A lack of creativity in the teaching process.

3. A lack of student motivation in the instructional process.

4. A lack of proper use of materials and techniques for meeting the individual needs of the children under your supervision."

Count I of both the complaint for declaratory judgment and the petition for a writ of mandamus alleged that because Jackson was not evaluated, the March 25, 1975, notice of extension of her probation was invalid and she attained tenured status by operation of law at the close of the 1974-75 school year. Assuming that she attained tenure, Jackson also alleged that in dismissing her in 1976, defendant failed to comply with section 24—12 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12) because she received no hearing, bill of particulars, nor list of five prospective impartial hearing officers. The prayer in count I of the complaint requested an order declaring that the 1975 notice extending Jackson's probation was invalid, that she attained tenured status at the close of the 1974-75 school year, and that the Board failed properly to dismiss her as a tenured teacher at the close of the 1975-76 year. The prayer further requested that the court order the Board to assign her as a full-time teacher. The prayer in count I of the petition requested a writ of *mandamus* commanding the Board to assign her as a full-time teacher.

Count II of both the complaint and the petition alleged that the reasons stated for her dismissal were different than those stated for the extension of her probation and that she could only be dismissed after a third year of probation for the same reasons for which her probation was extended. Although not specifically alleging that she had attained tenure, she alleged that because the reasons enumerated for her dismissal were different from those given when probation was extended, she was entitled to the protection of section 24—12 which pertains to the dismissal of tenured teachers. Count II also alleged that the reasons stated for her dismissal were "remedial" within the meaning of the statute and that pursuant to section 24—12, again assuming that she had attained tenure, she was entitled to a written warning of remediability prior to dismissal. In count II she further alleged that her dismissal was improper because the Board

did not provide her with the warning of remediability, a bill of particulars, or a hearing. The prayer in count II of the complaint requests an order finding that she was improperly dismissed and that she be assigned as a full-time tenured teacher. The prayer of the petition requests that the court issue a writ commanding the Board to assign her as a full-time teacher with no mention of tenure.

Count III of the complaint and petition alleged that the decision to dismiss Jackson was arbitrary and capricious. Count III alleged that the dismissal letter does not set forth any reasons which can be substantiated by the Board nor any valid reasons for depriving Jackson of tenured status because the stated reasons were taken verbatim from an evaluation made by an outside consultant who never watched her teach and spoke with her for no more than 10 minutes about a reading program. In count III, Jackson alleged that she attained tenured status by operation of law at the close of the 1975-76 year. The prayer in count III of the complaint requested an order declaring that the notice of dismissal is invalid and an order directing the Board to assign her as a tenured teacher. The prayer in count III of the petition requested the court to issue a writ commanding the Board to assign her as a full-time teacher.

In all counts of the complaint, plaintiff alleged that a case in controversy exists. In all counts of the petition, she alleged that she had demanded reinstatement, that her demand had been refused, and that further demands would be futile.

The re-employment of nontenured teachers and extensions of probation are governed by section 24—11 of the School Code. That section states in part:

> "Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. If, however, a teacher has not had one school term of full-time teaching experience before the beginning of such probationary period, the employing board may at its option extend such probationary period for one additional school term by giving the teacher written notice by registered mail at least 60 days before the end of the second school term of the period of 2 consecutive school terms referred to above. Such notice must state the reasons for the one year extension and must outline the corrective actions which the teacher should take to satisfactorily complete probation."

The threshold issue in this appeal is whether Jackson attained tenure by operation of law. We hold that she did not.

■■ Jackson's first contention is that, because the notice of the extension of her probation is invalid, she achieved tenure at the close of the 1974-75 school term. She alleged that although the notice refers to her evaluation, her teaching was not, in fact, evaluated. We find this line of reasoning unpersuasive for two reasons. First, in her complaint and petition, Jackson specifically alleged that she had been evaluated by a consultant, although she denied that the consultant actually observed her teaching. Second, and more pertinent, we find no requirement in section 24—11 that a formal evaluation be performed before a nontenured teacher's probation may be extended. (*Wesclin Education Association v. Board of Education*, 30 Ill. App. 3d 67, 77, 331 N.E.2d 335, 341-42 (5th Dist. 1975).) As far as can be determined by the petition and complaint, the Board complied with section 24—11 by sending timely notice that Jackson's probation would be extended and enumerated therein the reasons therefor and suggestions for improvement. Moreover, Jackson does not challenge the truthfulness of these reasons. We find that the petition and complaint do not state a cause of action for her automatic achievement of tenure because of an inadequate notice of probation extension.

■■ ■ Jackson's second contention is that she achieved tenure by operation of law at the close of the 1975-76 school term. In support of this, she alleged in her complaint and petition both that the reasons given in her March 1976 notice of dismissal were different than those enumerated in the notice of probation extension and that the reasons for dismissal were arbitrary and capricious. We find that neither allegation states a cause of action. We have held that the "specific reasons" requirement of section 24—11 implies that the reasons for dismissal must be truthful. (*Burns v. Board of Education*, 47 Ill. App. 3d 589, 592, 361 N.E.2d 353, 355 (5th Dist. 1977).) However, as noted above, she does not allege that the reasons were not truthful. Jackson's argument implies that she believes that a third-year probationary teacher is somehow "closer" to tenure than a second-year probationary teacher and that the statutory provision for extending probation indirectly prohibits dismissing a third-year probationary teacher for reasons other than those which caused the extension of probation. Were we to accept Jackson's reasoning, we would have to hold that when a nontenured teacher's probation is extended, he is granted *de facto* tenure as to all of those facets of his performance not described as unsatisfactory in the letter extending his probation. We believe this notion to be not only beyond the meaning of section 24—11, but also in direct contradiction to the legislative intention of providing an extra chance for those second-year probationary teachers whom the school board believes show promise but whose teaching does not meet the standards for tenure.

■■ Jackson's allegation that her dismissal was arbitrary and capricious is

merely a conclusion on the part of the pleader. Because it is unsubstantiated by well-pleaded facts, it does not state a cause of action. (*Kurek v. Kavanagh, Scully, Sudow, White & Frederick*, 50 Ill. App. 3d 1033, 1037, 365 N.E.2d 1191, 1194 (3d Dist. 1977).) Furthermore, we have held that a probationary teacher cannot use a petition for writ of mandamus to test the reasons for his dismissal unless the reasons on their face are clearly arbitrary or without substantial basis in fact. *Burns v. Board of Education*, 47 Ill. App. 3d 589, 593, 362 N.E.2d 353, 356 (5th Dist. 1977).

Having held that Jackson has not stated a cause of action for having received tenure by operation of law, we find it unnecessary to consider those portions of her complaint and petition in which she seeks the protection of section 24—12, which provides for the dismissal of tenured teachers.

For the reasons stated above the order of the Circuit Court of Jackson County is affirmed.

Affirmed.

EBERSPACHER, P. J., concurs.

G. J. MORAN, J., dissents.