NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

THOMAS LALLANDE, *Plaintiff/Appellant*,

*v.*

PAUL PENZONE, *Defendant/Appellee*.

No. 1 CA-CV 22-0545
FILED 9-7-2023

Appeal from the Superior Court in Maricopa County
No.  CV2022-006929
LC2022-000151-001
The Honorable Katherine Cooper, Judge

**AFFIRMED**

COUNSEL

Thomas J. Lallande IV, Phoenix
*Plaintiff/Appellant*

Maricopa County Attorney's Office, Phoenix
By Michael E. Gottfried
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

B A I L E Y, Judge:

¶1        Thomas J. Lallande IV appeals the superior court's dismissal of his petition for special action against Maricopa County Sheriff Paul Penzone for lack of jurisdiction.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On May 31, 2022, Lallande, then a presentencing and pretrial detainee in the Maricopa County jail,[1] petitioned the superior court for a special action review of quarantine protocols issued by Maricopa County Correctional Health Services ("CHS") and enforced by Sheriff Penzone. Lallande sought release from an alleged improper COVID-19 quarantine, arguing that Arizona Revised Statutes ("A.R.S.") section 36-789 required CHS to provide a written directive or obtain a written court order before imposing a quarantine.[2]  Lallande contended that his criminal court date had been continued at least thirty times due to multiple unauthorized quarantines in excess of 300 total days, thus violating his constitutional right to a speedy trial.[3]  Lallande argued that Sheriff Penzone erroneously

---

[1]        Lallande was awaiting sentencing in Maricopa County Superior Court case no. CR2020-000414, and he was awaiting trial in three other matters, Maricopa County Superior Court case nos. CR2020-143488, CR2021-000613, and CR2022-001569.

[2]        Section 36-789 permits the department of health services or the local health authority, which is defined as a county health department or public health services district, to isolate or quarantine a person through a written directive without first obtaining a written court order in cases of immediate and serious threat to the public health.  *See* A.R.S. §§ 36-789(A), -101(2), -781(4).

[3]        Both the federal and Arizona constitutions provide for the right to a speedy public trial.  U.S. Const. amend. VI; Ariz. Const. art. 2, § 24. However, "[n]either the United States nor the Arizona Constitution

enforced the unauthorized quarantine in violation of A.R.S. § 26-316, which requires state law enforcement authorities to enforce orders, rules, and regulations pursuant to the state's emergency management powers.

**¶3**      Lallande also filed an application requesting a court order directing Sheriff Penzone to show cause why Lallande should not be released from quarantine. In support of his application, Lallande avowed he had not previously requested such relief from any other court.

**¶4**      The superior court sua sponte converted the special action to a civil action. Sheriff Penzone moved to dismiss for lack of jurisdiction because Lallande had previously filed a separate civil lawsuit against the Maricopa County Board of Supervisors and others regarding his alleged unconstitutional quarantine, which had been removed to the United States District Court for the District of Arizona. *See Lallande v. Maricopa Cnty. Bd. of Supervisors*, Maricopa County Superior Court, No. CV2022-003910 (Ariz. Mar. 29, 2022) (unpublished order); *Lallande v. Maricopa Cnty. Bd. of Supervisors*, United States District Court for the District of Arizona, No. CV22-00725-PHX-SMB (DMF) (D. Ariz. 2022). The district court had dismissed that lawsuit for procedural reasons with leave to refile. In response to Sheriff Penzone's motion to dismiss in superior court, Lallande advised the court that his petition for special action was not a civil lawsuit and conceded he was pursuing his civil action in district court "regarding his unlawful quarantine." On July 5, 2022, Lallande refiled his complaint in district court.

**¶5**      The superior court then found special action relief was not appropriate due to the pending civil action in district court, declined special action jurisdiction, and granted Sheriff Penzone's motion to dismiss. We have jurisdiction over Lallande's appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**      Although Lallande raises multiple arguments addressing the merits of his case,[4] the sole issue on appeal is whether the superior court

---

requires that a trial be held within a specified time period." *State v. Spreitz*, 190 Ariz. 129, 139 (1997) (citations omitted).

[4]      Lallande argues (1) Sheriff Penzone has quarantine authority in the Maricopa County jail, (2) Sheriff Penzone failed to comply with Arizona quarantine laws, (3) the superior court erred in denying a motion to appoint

abused its discretion in declining special action jurisdiction. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92 (App. 1979) (noting that if the appellate court determines the superior court declined jurisdiction of the merits of the claim, then the sole issue on appeal is whether the superior court abused its discretion); Ariz. R.P. Spec. Act. 3, Comm. Note.

¶7            The superior court has jurisdiction to issue writs of prohibition on behalf of a person held in actual custody within the county and to issue extraordinary writs against state officers. Ariz. Const. art. 6, §§ 5, 18; *Ariz. Corp. Comm'n v. Super. Ct.*, 107 Ariz. 24, 26 (1971) (concluding the superior court has concurrent jurisdiction with the Arizona Supreme Court to issue extraordinary writs to state officers). Although such relief may be accorded via a special action proceeding in superior court, special action relief is highly discretionary and is reserved for the extraordinary circumstances when a public official fails to do what he is required by law to do, acts when required by law not to act, or abuses his discretion. *See* Ariz. R.P. Spec. Act. 1(a), 3. Special action relief is not available when there is some other equally plain, speedy, and adequate remedy. Ariz. R.P. Spec. Act. 1(a); *Neary v. Frantz*, 141 Ariz. 171, 177 (App. 1984).

¶8            Here, the superior court reviewed the record and determined that Lallande had a remedy available by a civil lawsuit and was pursuing that remedy in district court. We agree. Under 42 U.S.C. § 1983, a cause of action is conferred on anyone who claims deprivation of a constitutional right under color of law. *Neary*, 141 Ariz. at 178. The district court granted Lallande leave to refile his civil action regarding his alleged unauthorized quarantine, noting that its jurisdiction pursuant to 28 U.S.C. § 1331 extended to claims that placement in quarantine violated federal constitutional rights. The district court ultimately dismissed the lawsuit, *see Lallande v. Maricopa Cnty. Bd. of Supervisors*, No. CV 22-00725-PXH-SMB (DMF), at 7-9 & n.2 (D. Ariz. Aug. 24, 2022) (unpublished order), and the Ninth Circuit Court of Appeals recently affirmed the dismissal, *see Lallande v. Maricopa Cnty. Bd. of Supervisors*, No. 22-16777, 2023 WL 4348098 (9th Cir. July 5, 2023) (mem. decision).[5] Thus, Lallande had a plain, speedy, and adequate remedy at law, and the superior court did not abuse its discretion in declining special action jurisdiction. *See Neary*, 141 Ariz. at 177.

---

counsel, and (4) the superior court misinterpreted the law and erred in dismissing his case.

[5]            Although the district court refrained from ruling on the speedy trial issue, we conclude such abstention is irrelevant given our finding of mootness below.

**¶9**         Lallande argues without explanation that the relief he sought in his civil action is different than the relief requested in his petition for special action. In his petition for special action, Lallande sought release from quarantine so that he could receive a speedy trial in his then-pending criminal case. To the extent this request for relief differs from that requested in his civil action,[6] we find the pretrial-release-from-quarantine issue is moot. Issues involving pretrial incarceration conditions become moot once a trial is conducted. Ariz. R.P. Spec. Act. 1(a); *Fragoso v. Fell*, 210 Ariz. 427, 429, ¶ 3 (App. 2005). We take judicial notice of the underlying state criminal case dockets, *see Chung v. Choulet*, 248 Ariz. 236, 240, ¶ 14 (App. 2020), which show Lallande received a jury trial in February 2022 (predating Lallande's filing of the petition for special action in this case). *See State v. Lallande*, Maricopa County Superior Court, No. CR2020-000414. The jury found him guilty of several crimes, and in May 2023, the superior court sentenced him to imprisonment with presentence credit for time served. Further, after having waived his constitutional right to a jury trial and pleading guilty in the three other pending criminal cases, he was sentenced at the same time to concurrent sentences, with consecutive terms of probation. *See State v. Lallande*, Maricopa County Superior Court, Nos. CR2020-143488, CR2021-000613, CR2022-001569. Thus, because Lallande has already received the relief he was seeking in his petition for special action, we find no basis to vacate the superior court's ruling. *Chambers v. United Farm Workers Org. Comm., AFL-CIO*, 25 Ariz. App. 104, 106 (1975) (noting that mootness prohibits giving opinions concerning issues that no longer exist due to a change in factual circumstances).

## CONCLUSION

**¶10**         For the foregoing reasons, we affirm the superior court's ruling.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

6         It appears Lallande requested the same relief in district court. *See Lallande v. Maricopa Cnty. Bd. of Supervisors*, No. CV 22-00725-PXH-SMB (DMF).